# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Thomas M. Durkin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5068 | **DATE** | 2/11/2013 |
| **CASE TITLE** | Theresa Johnson vs. Beach Park School District | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for appointment of counsel [59] is denied without prejudice. This case, including plaintiff's motion to extend the discovery schedule [54], is referred to Magistrate Judge Brown for discovery supervision and settlement. The referral includes the authority to set all appropriate discovery deadlines.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

This is plaintiff's seventh request for appointed counsel. The previous requests were before Judge Conlon. This case has since been reassigned to this court. In her prior requests for appointment of counsel, plaintiff indicated that she was unable to adequately represent herself because of financial and medical difficulties. Specifically, she indicated that she was hospitalized for an infection of her finger, which had not fully healed. The court denied her motion without prejudice, finding that appointment of counsel was not warranted at that time. Relevant to the court's consideration was plaintiff's financial affidavit that indicated that she was above the poverty guidelines set by the U.S. Department of Health and Human Services. Also relevant was plaintiff's representation that she had retained counsel in another pending lawsuit, *Johnson v. Zion School District*, No. 12 CV 5067. Additionally, the court noted that despite her financial and medical difficulties, plaintiff had competently and actively represented herself in the proceedings thus far. The court also stated that plaintiff had a post-graduate education, and her claims were not overly complex.

Plaintiff has renewed her request for appointed counsel, citing her finger injury, which plaintiff indicates makes it difficult for her to write. She also states that she suffers from plantar fasciitis, a condition that makes it difficult to walk and may keep her from appearing in court.

The court has considered these issues, but finds that appointment of counsel is not warranted at this time. Civil litigants have no constitutional or statutory right to counsel in federal court. *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008). The court may nevertheless in its discretion appoint counsel for an indigent civil litigant. *Id.* In deciding whether to appoint counsel, the court first examines whether the indigent litigant "'has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). In her motion, plaintiff indicates that she has attached a list of organizations that she has contacted seeking representation, but in fact no list is

| STATEMENT |
|---|
| attached. In her prior request for counsel [17], she listed several organizations that she contacted who presumably declined to represent her.<br>The court next considers both "the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims [herself]." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). As the court has previously indicated, plaintiff's claims are not so complicated that she cannot develop and present them without appointed counsel. Plaintiff has further demonstrated that she is capable of litigating her claims herself. This court is mindful of plaintiff's medical difficulties and will keep these considerations in mind as the case progresses. But plaintiff has adequately represented herself thus far and appears capable of litigating her claims now.<br><br>Plaintiff has also moved to extend the discovery deadline, citing the injury to her hand which has not fully healed [54]. The court refers this motion to Magistrate Judge Brown. Magistrate Judge Brown previously decided certain discovery motions [36, 38]. The court also refers the case to Judge Brown for discovery supervision and settlement. The referral includes the authority to set all discovery deadlines.<br><br>*Thomas M Durkin* |