# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THERESA A. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 12 C 5068 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| BEACH PARK SCHOOL DIST., ) | |
| ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

Believing that Beach Park School District ("Beach Park") failed to offer her a substitute teaching position on account of her age, race, and disability and in retaliation for previously declining to substitute teach for Beach Park, Theresa Johnson filed a *pro se* Complaint alleging violations of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-1 *et seq.*, and a *Monell* claim under 42 U.S.C. § 1983. Beach Park moves for summary judgment asserting that Johnson cannot establish a *prima facie* case for any of her claims. Because Johnson's ADEA claim was not timely presented to the U.S. Equal Employment Opportunity Commission ("EEOC") and she has failed to establish a *prima facie* case for any of her claims, Beach Park's motion for summary judgment [198] is granted and this case is dismissed.

# BACKGROUND[1]

Johnson is a certified teacher. She received a Bachelor of Arts in English from the University of Wisconsin, a Masters in Curriculum and Instruction from National Louis University, an Illinois State Teaching Certificate from Barat College, and a Certificate in Child Care from the College of Lake County. In August of 2007, Johnson applied for a substitute teaching position with Beach Park. To aid in its review of Johnson's application, Beach Park asked Johnson for official copies of her college transcripts. Johnson believed that this request was inappropriate and motivated by Beach Park's discriminatory animus towards Johnson because of her race, African American. Nevertheless, in October of 2007 Johnson was hired by Beach Park and entered into its substitute teaching database. Beach Park contacted Johnson on several occasions asking her to substitute teach. Johnson declined Beach Park's offers because she was substitute teaching at another school and because she believed that Beach Park had discriminated against her. For these reasons, Johnson also asked Beach Park to remove her from its substitute teaching database at some point during the 2007–2008 school year. Beach Park did not contact Johnson to substitute teach thereafter.

On or around August 27, 2011, Johnson went to Beach Park to reactivate her application to substitute teach. Johnson spoke with Shelly Adams, who was the Human Resources Coordinator for Beach Park at the time. Adams told Johnson that to be considered for employment, she would need to fill out an on-line application.[2] Johnson told Adams that she did

---

[1] The Court notes Beach Park's attempt to meet its obligation to confer on the facts with Johnson, per this Court's standing order, and that Johnson did not meaningfully participate in that process. The Court also notes that Johnson failed to comply with the strictures of Federal Rule of Civil Procedure 56.1. Regardless, the facts in this section are derived from the Statement of Material Facts [201] filed by Beach Park and the Statement of Material Facts [219] filed by Johnson, to the extent they are supported by the record, admissible and relevant to the issues before the Court. All facts are taken in the light most favorable to Johnson, the non-movant.

not have a computer and Adams informed her that she could use the computers at the public library. Adams also told Johnson that she could submit a resume directly to her. Johnson submitted her resume to Adams that same day. Adams reviewed Johnson's resume and found it to be vague and lacking the detail that the online application elicits. At some later time, Johnson went to the library to complete Beach Park's online application but was unable to find the application on the internet. Johnson never completed Beach Park's online application and was not added to its substitute teaching database for the 2011–2012 school year.

On March 20, 2012, Johnson filed a charge of discrimination with the EEOC, alleging that Beach Park discriminated against her on the basis of her disability.[3] The EEOC issued Johnson a right to sue letter based on this charge on April 4, 2012. On June 25, 2012, Johnson filed another charge of discrimination with the EEOC, this time alleging that Beach Park discriminated against Johnson based on her race. The EEOC issued a right to sue letter based on this charge on September 13, 2012.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

---

[2] Johnson inconsistently disputes the truth of this statement. Johnson admits in her statement of material facts, however, that Adams told her "to go to the library and use their computers if Plaintiff didn't have on[e]." Doc. 219 ¶ 13. Johnson also admits that she was told by Adams "to go to library to activate [her] application[]." *Id*. ¶ 15. Johnson repeats this fact – that Adams "told [her] to go to the Library to "Activate" [her] application[]." *Id*. ¶ 17. Because Johnson repeatedly admits in her statement of facts that Adams told her that she needed to go to the library to complete an online application in order to be considered for employment with Beach Park, the Court accepts this fact as true. Whether Johnson was told that she needed to "activate" her application online or that she needed to submit a new application online is a distinction without a difference. Ultimately, Adams told Johnson that Johnson must complete some sort of online process in order to be considered for employment.

[3] Johnson's EEOC charge does not identify what her disability is, nor does Johnson's Amended Complaint or her statement of material fact. In her deposition, Johnson claims to suffer from the following conditions: fibromyalgia, an unidentified sleep disorder, osteoarthritis of the hips, tibular mandibular jaw bone, bruxism, and sensitivity to light. Doc. 201, Ex. 6 at 11:23, 12:10–18.

To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598-99 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## ANALYSIS

**I.     Age Discrimination Claim**

The ADEA prohibits an employer from discriminating against an employee on the basis of that employee's age. 29 U.S.C. § 623(a)(1). 29 U.S.C. § 631(a) limits the ADEA's applicability to persons who are 40 years of age and older. "In order to bring an ADEA claim in federal court, a plaintiff must first have raised it in a timely EEOC charge." *Ajayi v. Aramark Bus. Serv., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003). Neither of Johnson's EEOC charges alleges that Beach Park discriminated against her on account of her age. Doc. 172 at 13[4]; Doc. 201, Ex. 5. Nor are Johnson's EEOC charges sufficiently broad enough to encompass an age

---

[4] The pages of Johnson's Amended Complaint are misnumbered. The Court refers to Johnson's designation of "p. 13," which is actually the tenth page of the Amended Complaint.

discrimination claim. *See Ajayi*, 336 F. 3d at 527 (explaining the inquiry as whether the EEOC charge "would reasonabl[y] lead one to conclude that [the plaintiff] was the victim of age discrimination"). Johnson checked only the box marked "DISABILITY" on her March 20, 2012 EEOC charge. Doc. 201, Ex. 5.[5] In describing the particulars of the alleged discrimination, Johnson stated "Respondent is aware of my disability…I believe that I was discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990." *Id*. Similarly, Johnson checked only the box marked "RACE" on her June 25, 2012 EEOC charge. Doc. 172 at 13. In describing the particulars of the alleged discrimination, Johnson stated "I believe that I have been discriminated against because of my race, Black, in violation of Title VII." *Id*. Nothing in either charge would give the EEOC or Beach Park notice of an age discrimination claim. Johnson's age discrimination claim is therefore not properly before this Court and summary judgment is granted for Beach Park.

Even if Johnson's age discrimination claim were properly before the Court, summary judgment would still be granted in Beach Park's favor. A plaintiff may prove her age discrimination claim by presenting either direct or indirect evidence of discrimination. *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 321 (7th Cir. 2003). Johnson has not offered any direct evidence that Beach Park discriminated against her by reason of her age. The Court will thus proceed to analyze her claims under the familiar indirect method of proof set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Under this approach, Johnson has the initial burden of putting forth sufficient evidence to establish that: (1) she is forty years of age or older, (2) she applied and was qualified for the position, (3) she was not hired for the job, and (4) Beach Park hired someone outside of

---

[5] There is a section of every EEOC charge form that states "DISCRIMINATION BASED ON (Check appropriate box(es).)." The section contains ten boxes that correspond to different bases of discrimination such as race, color, sex, religion, age, *etc*. *See* Doc. 201, Ex. 5.

the protected class with similar or lesser credentials. *Lawhead v. Ceridian Corp.*, 463 F. Supp. 2d 856, 862 (N.D. Ill. 2006) (citing *Zaccagnini v. Charles Levy Circulating Co.*, 338 F.3d 672, 675 (7th Cir. 2003)). Beach Park does not dispute that Johnson is a member of a protected class for the purposes of an ADEA claim[6], or that Johnson was not hired. Rather, Beach Park asserts that Johnson has not put forth sufficient evidence establishing that she applied for a job with Beach Park, that she was qualified for the position for which she applied, or that someone younger than Johnson was hired instead.

Determining whether Johnson applied for a position with Beach Park is not as straightforward as it might seem. It is undisputed that candidates seeking employment with Beach Park must submit an online application. It is also undisputed, however, that Adams told Johnson that she could submit a resume directly to her. Johnson did so the same day. Adams cautioned Johnson that she would still need to complete the online application despite having submitted her resume in person in order to be considered for employment. It is undisputed that Johnson never completed the online application. Nevertheless, Adams stated in her deposition that Johnson had applied for a position with Beach Park. Doc. 201, Ex. 8 at 49:20, 50:1–3. Beach Park attempts to remedy this apparent inconsistency through the submission of Adams' post–deposition affidavit in which she states that all candidates for employment with Beach Park must complete the online application, she told Johnson as much, and Johnson was not considered for employment because she did not complete the required online application. Doc. 201, Ex. 8.1. But Adams' affidavit reinforces the fact that she substantively reviewed Johnson's resume. *Id.* ("I reviewed her one page resume and was not impressed."). The Court finds that a reasonable

---

[6] There is no evidence in the record as to Johnson's age. Johnson repeatedly asserts that Beach Park has not hired anyone over the age of 55, but does not affirmatively state what her age is. Because Beach Park does not dispute that Johnson is a member of a protected class for the purposes of an ADEA claim, the Court accepts the fact that Johnson is over 40-years-old as true for purposes of the motion.

juror could conclude that Johnson did in fact apply for a teaching position with Beach Park despite not completing the online application because Johnson submitted her resume directly to Adams at Adams' direction, Adams reviewed Johnson's resume, and Adams stated, albeit inconsistently, that Johnson applied for a position with Beach Park.

Johnson's ADEA claim still fails, however, because Johnson has not established the second prong of her *prima facie* case–that she was qualified for the position to which she applied. As an initial matter, it is not clear from the record for which job Johnson contends that she applied. Generally, Johnson's pleadings and statement of facts discuss a 1st grade teaching position. However, Johnson's amended complaint also mentions "a 4th grade vacancy at Howe School." Doc. 172 at 14. During Adams's deposition, Johnson asked Adams about 5th grade, 3rd grade and kindergarten class teaching vacancies. Doc. 201, Ex. 8 at 58:12–24. Johnson generally asserts that she was qualified to be a substitute teacher. Johnson does not, however, present any evidence regarding the hiring criteria for any of these positions. Therefore, even if the Court assumes that Johnson applied for these positions, her ADEA claim still fails because she has not put forth any evidence from which a reasonable juror could conclude that she was qualified for the position to which she applied. *Nowak v. Int'l Truck and Engine Corp.*, 406 F. Supp. 2d 954, 963–69 (N.D. Ill. 2005) (relying on a substantive analysis of plaintiff's qualifications as compared to the job requirements identified in the job posting to determine whether plaintiff was qualified for the job in question).

In addition, Johnson's ADEA claim fails because she has not satisfied the fourth prong of her *prima facie* case–that Beach Park hired someone younger with similar or lesser qualifications. Because of the lack of clarity as to which job Johnson is claiming she applied, it is likewise unclear whom Johnson is claiming was hired over her. Johnson's statement of

7

material facts claims that Beach Park hired "Megan Bratz from Palatine." Doc. 218 at 7. Johnson does not specify for which job Megan Bratz was hired. Johnson stated during Adams' deposition that Carol Styrowsky was given the 1st grade teaching position, Sara Barron was given the 5th grade substitute teaching position, Lisa Bowman was given the 3rd grade position, and that Angie Solita was given the kindergarten position. Doc. 201, Ex. 8 at 46:18–20, 83:7–13. Regardless, the record is completely silent as to the age of any of these women. Moreover, the record is devoid of any information regarding the qualifications of the women who were allegedly hired over Johnson. *Nowak*, 406 F. Supp. 2d at 967 (dismissing ADEA claim where plaintiff failed to establish that his qualifications were superior to those of the person hired). Johnson has failed, therefore, to establish that whomever was hired instead of her was younger or similarly or less qualified than she was, defeating the fourth prong or her *prima facie* case. For these reasons, Johnson has failed to establish a *prima facie* case of age discrimination and summary judgment is granted in Beach Park's favor.

## II. Race Discrimination Claim

A plaintiff claiming race discrimination can prove her case under the direct or indirect method of proof. *Antonetti v. Abbott Labs.*, 563 F.3d 587, 591 & n.4 (7th Cir. 2009). As with Johnson's ADEA claim, she has not set forth any admissible direct evidence of discrimination. Johnson's pleadings generally assert that between 2007–2012 Beach Park hired "very few African-Americans, if any." Doc. 218 at 7. Johnson does not, however, provide any evidence to substantiate this statement. Additionally, the assertion itself indicates a lack of certainty as to the veracity of the statement, as required at the summary judgment stage. *Celotex,* 477 U.S. at 324. And ultimately, "[a]s an individual rather than a class action…evidence of a pattern or practice can only be collateral to evidence of specific discrimination against the plaintiff herself," which

8

Johnson has failed to show. *Matthews v. Waukesha County*, 759 F.3d 821, 829 (7th Cir. 2014) (citing *Gilty v. Vill. of Oak Park*, 919 F.2d 1247, 1252 (7th Cir. 1990)).

The Court is thus left to determine whether Johnson has put forth sufficient indirect evidence that Beach Park failed to hire her because of her race. In order to meet this burden, Johnson must show: (1) that she is a member of a protected class, (2) that she applied for a position for which she was qualified, (3) that she did not receive the position, and (4) that similarly situated persons outside of the protected class were hired. *See Whitefield v. Int'l Truck & Engine Corp.*, 755 F.3d 438, 444 (7th Cir. 2014). Beach Park moves for summary judgment with regard to Johnson's race claim, arguing that Johnson has failed to demonstrate that she applied for a position with Beach Park, that she was qualified for the position to which she applied, and that similarly situated persons outside of Johnson's protected class were hired over her.

As with Johnson's ADEA claim, the Court finds that there is sufficient evidence in the record from which a reasonable juror could conclude that Johnson applied for a position with Beach Park. Johnson's race discrimination claim nevertheless fails because she has neglected to present sufficient evidence establishing that she was qualified for the position for which she applied.[7] As discussed above, Johnson's pleadings generally assert that she was qualified to be a substitute teacher. Johnson does not, however, provide any evidence regarding the qualifications or hiring criteria for the positions for which she applied. Without this context, a reasonable juror could not conclude that simply because Johnson has "a teaching certificate and a master's degree, she automatically was qualified for the[] particular positions." *Bennett v. Roberts*, 295 F.3d 687, 696 (7th Cir. 2002) (finding that the plaintiff failed to establish that she

---

[7] As previously discussed, it is not clear to the Court for which positions Johnson is alleging that she applied. Because Johnson does not present evidence regarding the hiring criteria for any position, the Court's analysis applies equally to all positions to which Johnson may have applied.

was qualified for the position sought where she failed to present "some information concerning the hiring criteria for" the positions to which she applied).

Johnson likewise fails to satisfy her burden of putting forth sufficient evidence regarding the fourth prong of a *prima facie* case–that similarly situated persons outside of the protected class were hired over her. Even assuming that the women discussed *supra* in Section II are outside of the protected class[8], Johnson still fails to satisfy the fourth prong of her *prima facie* case because she has not introduced any evidence regarding the qualifications of the women allegedly hired over her. As such, no reasonable juror could determine that Johnson was similarly situated to the other women. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 610–11 (7th Cir. 2006) (determining whether persons are similarly situated requires a fact-intensive examination of experience and education). Having failed to satisfy both the second and fourth prongs of a *prima facie* race discrimination claim, the Court grants summary judgment in Beach Park's favor.

## III. Retaliation Claim

Title VII makes it unlawful for an employer to retaliate against an employee

> because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].

42 U.S.C. § 2000e-3(a). Whether Johnson pursues her retaliation claim under the direct or indirect method, she must prove that she engaged in a protected activity. *See Nichols v. S. Ill.*

---

[8] There is scant evidence proving this to be the case. The only mention Johnson makes of other women's race is in her Amended Complaint–"I'm in the process of filing for a Model Confidential Order or Protective Order for Megan Bratz Personnel File to determine that she is a White-American," Doc. 172 at 14–and in her statement of material facts–"Plaintiff [is] African-American, Megan Bratz is not the same race," Doc. 218 at 5.

*Univ.-Edwardsville*, 510 F.3d 772, 784–85 (7th Cir. 2007). On the record before the Court, Johnson has failed to do so.

Contrary to Beach Park's assertion that Johnson's retaliation claim is based on its request for her college transcripts when she applied in 2007, the Court reads Johnson's complaint as alleging that Beach Park retaliated against her for declining to substitute teach for them during the 2007–2008 academic year. Doc. 172 at 24. Johnson asserts that she declined to substitute teach for Beach Park, and ultimately instructed Beach Park to remove her from the substitute teacher database, because she believed that Beach Park had discriminated against her based on race when Adams requested Johnson's college transcripts. Johnson asserts that Beach Park failed to hire her for the 2011–2012 academic year in retaliation. The fatal flaw in Johnson's claim is that there is no evidence in the record that Johnson told Beach Park that the reason she asked to be removed from the database was because she believed that Beach Park had discriminated against her. Nor is there any evidence in the record that she told anyone else, such as the EEOC, the reason that she asked to be removed from the Beach Park database. To the contrary, Johnson admits that she "didn't file no grievance." Doc. 201, Ex. 8 at 70:3. Ultimately, there is no evidence in the record before the Court that Johnson engaged in a protected activity; thus, Johnson's retaliation claim necessarily fails. *See Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006) (finding that the retaliation provision of Title VII is intended to protect victims of discrimination who complain "to the EEOC, the courts, and their employers" (quoting *Robinson v. Shell Oil Co.,* 519 U.S. 337, 346, 117 S. Ct. 843, 186 L. Ed. 2d. 808 (1987))) (internal quotation marks omitted). Summary judgment is granted for Beach Park on Johnson's retaliation claim.

**IV.	ADA Claim**

The ADA prohibits employers from discriminating against qualified persons who are disabled because of their disability. 42 U.S.C. § 12112. As with Johnson's other discrimination claims, a plaintiff seeking to prove that she was discriminated against due to her disability may do so by using the direct or indirect method of proof. *Rothman v. Emory Univ.*, 123 F.3d 446, 451 (7th Cir. 1997). Once again, Johnson fails to offer any direct evidence that Beach Park discriminated against her because of her disability. The Court is thus left to determine whether Johnson has sufficiently demonstrated a *prima facie* case of discrimination under the indirect method of proof. To do so, Johnson must provide evidence which would allow a reasonable juror to conclude that: (1) she is disabled under the ADA, (2) she was qualified for the position she was seeking, (3) she suffered an adverse employment action, and (4) similarly situated persons without a disability were treated more favorably. *Novak v. Bd. of Trs. of S. Ill. Univ.*, 777 F.3d 966, 974 (7th Cir. 2015) (citing *Bunn v. Khoury Enters., Inc.,* 753 F.3d 676, 678 (7th Cir. 2014)). The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). "A substantial limitation is a limitation that renders an individual unable to perform a major life activity or that significantly restricts an individual in performing a major life activity." *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 670 (7th Cir. 2011). Some examples of major life activities include "caring for oneself, sleeping, walking, and working." *Id.* (citing 42 U.S.C. § 12012(2)).

Beach Park moves for summary judgment on Johnson's ADA claim on several grounds, one of which is that Johnson has not established that she is disabled as defined by the ADA.

Johnson's amended complaint and statement of material facts are silent regarding the nature of her alleged disability. In opposition to Beach Park's motion for summary judgment, Johnson clarifies that she suffers from fibromyalgia and other unspecified disabilities. Doc. 218 at 11. Johnson elaborated on these additional disabilities in her deposition, stating that she has a "[s]leep disorder, which means [she] don't have the four cycles of sleep," Doc. 201, Ex. 6 at 12:10–11[9] , osteoarthritis of the hips, tibular mandibular jaw bone, bruxism, and sensitivity to light, Doc. 201, Ex. 6 at 12:10–18.[10] Despite these ailments, Johnson's only asserted physical restrictions are that she cannot "repetitiously climb stairs or tolerate [m]ore than 3-5 stairs," Doc. 218 at 9, cannot "walk a long distance, like miles and miles," Doc. 201, Ex. 6 at 13:7–8, and cannot "stand say all day long," Doc. 201, Ex. 6 at 13:17–18.

Johnson's vague assertions of not being able to stand all day or walk for miles and miles are not enough to allow a reasonable juror to conclude that any major life activities were substantially limited as a result of any of her claimed disabilities. *Squibb*, 497 F.3d at 785 (absent evidence of specific limitations such as time or distance, no fact-finder could reasonably conclude that plaintiff was substantially limited in activity of walking); *Maggio v. Konica-Minolta Bus. Solutions USA*, 578 F. Supp. 2d 969, 973 (N.D. Ill. 2008) (no reasonable juror

---

[9] The Court notes that sleeping is a major life activity. *Feldman v. Olin Corp.*, 692 F.3d 748, 753 (7th Cir. 2012). In order to qualify as a disability, a plaintiff must show that her "limitations on sleeping…are sufficiently prolonged, severe and long-term." *Id.* (quoting *Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 785 (7th Cir. 2007)). "Summary judgment…may be appropriate if the plaintiff relies only on 'generalized assertions that she is unable to sleep for substantial periods of time, unsupported by any additional evidence, medical or otherwise, and unenhanced by claims that this lack of sleep affects her daytime functions.'" *Id.* (quoting *Squibb*, 497 F.3d at 753–54). In this case, aside from Johnson's plain assertion that she has a sleep disorder, she does not provide any evidence that this condition limits her ability to sleep, or affects her daytime activities. The Court thus declines to consider Johnson's alleged sleep disorder as a basis for her ADA claim.

[10] Johnson also claims to have a pinched nerve and arthritis in her shoulder, but these afflictions developed after August of 2011 and so are not relevant to this case. Doc. 201, Ex. 6, 12:22–24, 13:1–4.

could find plaintiff disabled under the ADA based on general contention that plaintiff could not walk long distances).

Johnson provides slightly more detail regarding her restriction on climbing stairs by asserting that she generally cannot climb more than 3-5 stairs at a time. Johnson fails, however, to put forth any evidence of how this restriction substantially limits any aspect of her day-to-day life or her ability to teach. To the contrary, Johnson states that Beach Park does not have any stairs, Doc. 218 at 9, and that her medical conditions do not affect her ability to teach, Doc. 201, Ex. 6 at 13:22–24, 14:1. The Court is therefore left without evidence as to how Johnson's inability to climb more than 3-5 stairs at a time substantially impacts her life generally, and is left with affirmative evidence that it does not impact her ability to teach at Beach Park. Johnson thus fails to establish that she has a physical impairment which substantially limits a major life activity. *See Scheerer v. Potter*, 443 F.3d 916, 919–21 (7th Cir. 2006) (plaintiff failed to establish substantial limitation of a major life activity where he could not show that "during the pertinent time period he was either prevented or *severely* restricted from such major daily tasks") (emphasis added)).

While not specifically addressed by Beach Park, as previously stated, an individual can establish that she is disabled not only by proving that she has a physical impairment that substantially limits a major life activity, but also by proving that she has a record of such an impairment, or by proving that her potential employer regarded her as having such an impairment. *Rooney v. Koch Air, LLC,* 410 F.3d 376, 381 (7th Cir. 2005) (citing 42 U.S.C. § 12102(2)). Johnson has not put forth any evidence establishing that she was disabled under either of these definitions. There is no evidence before the Court of Johnson having a record of a condition that substantially limits a major life activity. Johnson's deposition testimony

14

references the existence of medical records but does not provide detail regarding what those medical records say, nor has Johnson presented those medical records as evidence to the Court.

Likewise, there is no evidence before the Court establishing that Beach Park regarded Johnson as being disabled. "A person is regarded as disabled when the employer, rightly or wrongly, believes that she has an impairment that substantially limits one or major life activities." *Id.* at 382. Adams conceded during her deposition that Johnson told her that she was on disability. Doc. 201, Ex. 8 at 82:6–7. But there is no evidence on the record that Adams, or anyone else at Beach Park, knew the particulars of Johnson's conditions or believed Johnson to be substantially limited with regard to any major life activity. Because Johnson fails to establish that she is disabled under the ADA, summary judgment is granted in Beach Park's favor.[11]

## V. Monell Claim

As a municipal entity, Beach Park cannot be held liable for the conduct of its employees under a theory of respondeat superior. *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Rather, to hold a municipality liable for the discriminatory conduct of its employees, a "plaintiff must demonstrate that the entity acted pursuant to a policy or custom." *DelGadillo v. Town of Cicero*, No. 11 C 7342, 2015 WL 1502410, at *6 (N.D. Ill. Mar. 27, 2015) (citing *Connick v. Thompson*, --- U.S. ---, 131 S. Ct. 1350, 1359–60, 179 L. Ed. 2d 417 (2011)).

> A plaintiff may establish an official policy or custom by showing (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the final force

---

[11] The Court's conclusion that Johnson failed to establish the second prong of her *prima facie* case–that she was qualified for the position to which she applied–discussed in Sections I and II applies equally here, providing another basis for dismissal of her ADA claim. *See Johnson v. St. John's Hosp.*, 90 Fed. Appx. 935, 936 (7th Cir. 2004) (plaintiff's failure to argue that she met potential employer's job qualifications defeated her *prima facie* ADA claim).

of law; or (3) that the plaintiff's injuries were caused by an act of a
person with final policy-making authority.

*Id.* (citing *Guzman v. Sheahan,* 495 F.3d 852, 859 (7th Cir. 2007)). Beach Park moves for summary judgment on Johnson's *Monell* claim asserting that Johnson has failed to establish the existence of a policy or custom.

The Court struggles to decipher the theory behind Johnson's *Monell* claim. Johnson's memorandum states that "[a]n express policy of all the school districts in Illinois…is that once you are entered in to the AESOP SYSTEM, or on their Substitute List, YOU WILL REMAIN ON THAT LIST FROM YEAR TO YEAR UNLESS THE SUBSTITUTE PUTS THAT THEY NO LONGER WANT TO SUBSTITUTE IN WRITING." Doc. 218 at 17. Presumably Johnson intends for Beach Park to be held liable for its enforcement of this policy. Johnson fails, however, to identify how the enforcement of this policy violated Johnson's constitutional rights. Nor does Johnson identify which constitutional rights were in fact violated. On the contrary, Johnson's complaint seems to be premised on the theory that Beach Park's failure to adhere to the above policy was a violation of her constitutional rights. Ultimately the Court finds that Johnson has failed to establish how the enforcement of the above policy caused a deprivation of her constitutional rights. Johnson does not identify another express policy that when enforced deprived her of her constitutional rights.

The record is also devoid of any evidence that Beach Park had a widespread practice of discrimination. Johnson's submissions are replete with allegations that Beach Park has not hired anyone over the age of 55, anyone with a disability, or any African Americans from 2007 through 2012. However,

> [t]he usual way in which an unconstitutional policy is inferred, in
> the absence of direct evidence, is by showing a series of bad acts
> and inviting the court to infer from them that the policymaking

16

> level of government was bound to have noticed what was going on and by failing to do anything must have encouraged or at least condoned, thus in either event adopting, the misconduct of its employees.

*Jackson v. Marion County.*, 66 F.3d 151, 152 (7th Cir. 1995). Without adopting a bright line test as to how many instances of misconduct will suffice, the Seventh Circuit has held that to impose *Monell* liability, a plaintiff must demonstrate that there have been more than three instances of misconduct. *Thomas v. Cook County. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir.) (citing *Gable v. City of Chicago*, 296 F.3d 531, 538 (7th Cir. 2002)). Johnson has failed to allege even one specific instance of misconduct. For the reasons detailed in this Opinion, Johnson has failed to establish that Beach Park acted improperly with regard to her application for employment. Johnson has likewise failed to identify any other person who was discriminated against by Beach Park. Johnson therefore fails to establish any misconduct, let alone three instances of misconduct, from which the Court could infer the existence of a wide spread practice of discrimination. Johnson also does not identify a person with policy-making authority who caused her injuries. Summary judgment is thus granted in Beach Park's favor on Johnson's *Monell* claim.

## CONCLUSION

For the foregoing reasons, Beach Park's motion for summary judgment [198] is granted. Judgment is entered for Beach Park and this case is terminated.

Dated: April 28, 2015

SARA L. ELLIS
United States District Judge